**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

In re:

JOEL I FRANCK, &  CASE NO.: 09-50616 -LMK
RACHEL FRANCK,  CHAPTER:  11

   Debtors.

_____/

**ORDER DENYING MOTIONS FOR RECONSIDERATION**

THIS MATTER came before the Court for hearing on October 19, 2011, on the Debtors' Motions to Reconsider Putnam Leasing Company I, LLC Claims #12, 13, and 14 ("Motions," Docs. 281, 282, and 283). The Debtors, Joel and Rachel Franck, seek to have the Court disallow a portion of the claims of Putnam Leasing Company I, LLC ("Putnam Leasing") as either a miscalculation or as an unenforceable penalty.  Having reviewed the entire case file, I find that only Claim #14 can be addressed under a motion to reconsider.

The Debtors originally objected to Claims # 12, 13 and 14 of Putnam Leasing as untimely filed and the Court entered an order allowing the claims on May 13, 2010.  The Debtors then filed objections to the three claims on the basis that the claims were unclear and the amounts listed were incorrect.  After Putnam Leasing and the Debtors reached a settlement, the Debtors withdrew their objections to Claims #12 and 13.  An agreed order on the objection to Claim #14 was entered on September 15, 2010, allowing the claim at the parties' stipulated amount.  After the Debtors' Ch. 11 plan was confirmed on November 23, 2010, the Debtors filed Motions to Reconsider the three claims of Putnam Leasing.

Federal Rule of Bankruptcy Procedure 3008 provides that "[a] party in interest may move for reconsideration of an *order* allowing or disallowing a claim against the estate." Fed. R. Bankr. P. 3008 (emphasis added). Because the Debtors withdrew the objections to Claims #12 and 13 of Putnam Leasing, the only objection on which an order was entered by this Court was to Claim #14. Thus, this Court has no orders to reconsider as to Claims #12 and 13. Additionally, these claims are deemed allowed because there was no objection as to the amount of the two claims prior to plan confirmation and any further objection is barred pursuant to *In re Justice Oaks II, Ltd.*, 898 F.2d 1544 (11th Cir. 1990). In that case, the 11th Circuit held that a party waives the right to object to a claim by failing to do so prior to confirmation of a Chapter 11 plan. *Id.* at 1553; s*ee also In re Bateman*, 331 F.3d 821, 827 (11th Cir. 2003) ("Although § 502(a) does not provide for a time limit to file an objection [to a proof of claim]; it must be filed *prior to* plan confirmation."); *In re Starling*, 251 B.R. 908, 909-10 (Bankr. S.D. Fla. 2000). I need now only address Claim #14. Having conducted an evidentiary hearing and taking the issues under advisement, I find that the contract for which Claim #14 originates is enforceable by its terms and the Motion for Reconsideration is denied.

## BACKGROUND

The claim at issue centers around a lease agreement the Debtor, Dr. Joel Franck ("Dr. Franck"), entered into with the Creditor, Putnam Leasing. Putnam Leasing is a company based out of Stamford, Connecticut that offers leases on exotic luxury cars. These leases, such as the one giving rise to the claim here, are "open end agreements." Open end lease agreements differ from the common closed end leases by obligating the lessee to make a balloon payment at the end of the lease term. The amount of the payment is based on the residual value of the car that the parties agreed to at the outset of the lease. The lessee can keep the car and pay the residual or he can return the car to the dealer and pay the remainder of the residual after the dealer sells the

car. The lessee bears the risk that the fair market value of the car will be less than the residual value at the end of the lease. Of course, the lessee will benefit if the car is worth more. Also, unlike a traditional lease, the total interest and profit is fixed at the outset under Putnam Leasing's open end agreements and charged to the lessee as a rent charge. The rent charge is calculated into the lease payments each month.

Dr. Franck entered into the open end lease with Putnam Leasing on January 15th, 2009. The lease was for a 2004 Ferrari, and the later default under this contract serves as the basis for the claim. Under the agreement, the Adjusted Capitalized Cost, the agreed upon value of the car and the amount used to calculate the monthly payments, was $143,314.00. The parties agreed that the Residual Value would be $70,000.00 at the end of the five-year lease. The monthly payments required under the lease included a Rent Charge of $46,386.00. Dr. Franck was obligated to make 60 monthly lease payments of $1995.00.[1]

Paragraph 16 of the lease contract contains a choice of law clause stating that the parties agree that the laws of the state of Florida govern their agreement. The lease has an attached addendum, signed by Dr. Franck, acknowledging that although the title of the lease is "closed end," the lease contains an open end rider. The addendum states that the open end rider "means that when the lease is terminated, either because the term is over, or because you have failed to comply with the terms and conditions of the lease, and Putnam elected to terminate your lease early…. you are responsible for paying Putnam the amount as defined in that open end rider." The open end rider is also attached to the lease and signed by Dr. Franck. The rider provides under paragraph 5 that in the event of a default by the lessee, the lessor is entitled to recover the total of the sums as calculated in paragraph 2. Paragraph 2 states that if the lessee exercises the option to purchase the car, the lessee must pay the option price listed and any other charges then past due

---

[1] The monthly payment is the base amount and does not include any additional charges for sales and use tax.

as well as the full amount of the lease payments for the balance of the entire term stated in the lease.

After defaulting on the lease, Dr. Franck had 52 payments remaining. The Ferrari sold for approximately $93,000.00 after it was returned to the dealer. The calculations for Claim #14, submitted by Putnam Leasing during the hearing, are as follows:

- Total of the Lease Payments Remaining    $103,740.00
- Residual Value    $70,000
- Other Accumulated Fees and Charges[2]    $10,485.76
- Sale Proceeds    ($93,000.00)
- TOTAL DEFICIENCY    **$91,225.76**

The Debtors attack the claim of Putnam Leasing alleging that either Putnam Leasing miscalculated its claim or that the claim includes an unenforceable penalty. The Debtors assert that under the lease agreement, the residual value was only to be added to the remaining lease payments if Dr. Franck exercised the option to purchase the car at the end of the lease term. The Debtors argue that since Dr. Franck did not exercise the purchase option for the car, the residual value should not be added in the calculations for the claim. The Debtors contend that if the entire amount of the claim is allowed, the contract then includes an unenforceable penalty because the amount Putnam Leasing will receive upon default is greater than the Adjusted Capitalized Cost of the car.

## DISCUSSION

In determining whether to grant the Motion for Reconsideration of the claim of Putnam Leasing, Florida law demands that I "give effect to the plain language of contracts when that language is clear and unambiguous." *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1242 (11th Cir. 2009) (internal quotation marks, citations and footnote omitted). The lease contract clearly provides what Dr. Franck's obligations were. The open end

---

[2] These include payments made by Putnam Leasing, late charges, repossession fees, transport fees, and repair and selling expenses.

rider provides under paragraphs 2 and 5 that upon default or upon the lessee's failure to exercise the purchase option, Putnam Leasing is entitled to the option price of the car, any rentals and other charges then past due, and the balance of the remaining lease payments. The option price here is the agreed upon residual value of the car which was required to be paid whether or not Dr. Franck purchased the car. This option price is not same as the typical option price in a closed end lease where the lessee can simply walk away and owe nothing to the dealer. The addendum reinforces that Dr. Franck was responsible for paying Putnam Leasing the amount as identified in the open end rider. Additionally, the very first page of the lease agreement includes an outlined box warning that early termination might result in a charge of up to several thousand dollars. Dr. Franck signed every page of the lease agreement, including the open end rider and addendum. This was an arms-length agreement between sophisticated parties and the contract was clear and unambiguous by its terms.

Furthermore, it is well-settled under Florida law that damages for breach of contract involve "awarding a sum which is equivalent to the performance of the bargain; the attempt is to place the [non-breaching party] in the position he would be in if the contract had been fulfilled." *Plantation Key Developers, Inc. v. Colonial Mortg. Co.*, 589 F.2d 164 (5th Cir. 1979). The non-breaching party is not entitled to be placed, because of the breach, in a better position than he would have occupied had the contract been performed. *Feldkamp v. Long Bay Partners, LLC*, 773 F.Supp.2d 1273, 1284-85 (M.D. Fla. 2011). Had this lease been fully performed, Putnam Leasing would have received the total balance of the monthly lease payments and the post-lease residual value of the car. The amount listed under Claim # 14 entitles Putnam Leasing, the non-breaching party under the agreement, to the amount it would have received under the lease. Allowing the claim to stand would allow Putnam Leasing to receive the benefit of its bargain, and place it in no better position than it would have been had the contract been fulfilled. Therefore, I find that the lease agreement is enforceable by its terms and the claim is allowed in its entirety.

It is also noted that a similar contract was upheld on its terms by a New York Appellate Court. *Putnam Leasing Co., Inc. v. ATL, Inc.*, 892 N.Y.S. 2d 321 (N.Y.A.D. 1 Dept. 2009). Accordingly, it is hereby

ORDERED and ADJUDGED that the Motions to Reconsider Putnam Leasing Claims #12, 13 and 14 (Docs. 281, 282 and 283) are DENIED.

DONE and ORDERED in Tallahassee, Florida this November 10, 2011.

LEWIS M. KILLIAN, JR.
United States Bankruptcy Judge

cc: all parties in interest